James H. Holl, III
Gretchen L. Lowe
Alan I. Edelman
U.S. Commodity Futures Trading Commission
1155 21st St, NW
Washington, DC 20581
Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No. 08-cv-1932

---

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

Robert J. Sucarato d/b/a New York Financial Company,

Defendant.

---

# CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

## I.

## INTRODUCTION

Plaintiff, the Commodity Futures Trading Commission ("Commission") has filed a Complaint for permanent injunction and other relief against Defendant, Robert J. Sucarato, d/b/a New York Financial Company (hereinafter "Defendant"),

and moved pursuant to Section 6c of the Commodity Exchange Act as amended (the "CEA"), 7 U.S.C. § 13a-1 (2002), for a preliminary injunction.

Defendant, without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated under Section II below, consents to entry of this Order and states that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

## II.

## JURISDICTION AND VENUE

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

A. For the limited purposes of this Consent Order of Preliminary Injunction, this Court has jurisdiction over Defendant and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

B. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §1.13a-1(e) (2002), in that Defendant is found, inhabits or transacts

business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

## III.

## RELIEF GRANTED

### A.

### *Prohibition From Violations of the Act and Commission Regulations*

**IT IS HEREBY ORDERED** that Defendant, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

A. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof,

1. cheating or defrauding or attempting to cheat or defraud other persons

2. willfully deceiving or attempting to deceive other persons

in violation of Sections 4b(a)(2)(i) and (iii) of the CEA, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2002).

3. willfully making or causing to be made to other persons false reports and statements concealing commodity futures trading losses, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii)(2002).

B. in or in connection with an offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of commodity options transactions,

1. cheating, defrauding, or deceiving, or attempting to cheat, defraud, or deceive, other persons, by making false, deceptive, or misleading representations and omissions of material facts in solicitations of investors, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 33.10(a) and(c), 17 C.F.R. §§ 33.10(a) and (c) (2007).

2. willfully making or causing to be made to other persons false reports and statements concerning losses in the trading of commodity options, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 33.10(b), 17 C.F.R. §33.10(b) (2007).

C. using the mails or instrumentalities of interstate commerce in or in connection with his business as a commodity pool operator ("CPO") while failing to register with the Commission as a CPO, in violation of Section 4m(1) of the CEA, 7 U.S.C. § 6m(1) (2002).

D. while acting as a CPO, employing a device, scheme or artifice to defraud pool participants, clients and prospective pool participants or clients or engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants, clients and prospective pool participants or clients, in violation of Section 4o(1) of the CEA, 7 U.S.C. § 6o(1) (2002).

E. while acting as a CPO, (1) accepting pool funds in Defendant' names; (2) failing to treat the pool as a separate entity; and (3) commingling pool funds in

accounts in Defendant' names; in violation of Commission Regulation 4.20(a)(1), (b) and (c), 17 C.F.R. §§ 4.20 (a)(1), (b) and (c) (2007).

F. while acting as a CPO, failing to furnish disclosure documents to pool participants and receive signed and dated acknowledgments from pool participants that they received the disclosure documents, in violation of Commission Regulation 4.21, 17 C.F.R. § 4.21 (2007).

## II.
## *Force and Effect*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. The Statutory Restraining Order ordered by the Court on April 22, 2008 shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at Camden, New Jersey on this 8th day of May, 2008, at 3:20 p.m.

Jerome B. Simandle
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

Dated: May 6, 2008

ATTORNEYS FOR THE PLAINTIFF COMMODITY FUTURES TRADING COMMISSION

James H. Holl, III
Gretchen L. Lowe
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Telephone: (202) 418-5000
e-mail: jholl@cftc.gov
e-mail: *glowe@cftc.gov*
Fax: (202) 418-5538

Dated: May ____, 2008

ROBERT J. SUCARATO